IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Anne Wallace Wait, | ) | |
| | ) | Civil Action No. 1:13-1363-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      The plaintiff, Anne Wallace Wait ("Wait"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her claim for Supplemental Security Income. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), DSC, this matter was referred to a magistrate judge for pretrial handling. Now before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision. (ECF No. 17.)[1] In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated here by reference. Wait has filed objections to the Report (ECF No. 19) and the Commissioner has responded to those objections (ECF No. 20). Accordingly, this matter is now ripe for review.

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### I. Background

Wait filed an application for SSI on August 6, 2010, alleging disability beginning September 30, 1997, due to persistent and increasing pain, sleep apnea, clinical depression, hypertension, panic attacks, and back problems, in addition to other alleged impairments. Wait's application was denied initially and on reconsideration. On January 20, 2012, an Administrative Law Judge ("ALJ") heard testimony from Wait and a vocational expert. Subsequently, the ALJ issued a decision denying Wait's claim.

In his decision, the ALJ found that Wait suffered from severe impairments, including back disorder, osteoarthritis, and obesity, but that medical evidence did not support the alleged severity of those impairments. As a result, the ALJ limited Wait to light work, with certain restrictions, and found that even though she had no past relevant work history, jobs existed in significant numbers in the national economy that Wait could perform. The Appeals Council denied Wait's request for review, making the ALJ's decision the final decision of the Commissioner. Wait again challenges that decision in this action.

### II. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review,

the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### III.  Discussion

In her objections, Wait asserts that the magistrate judge incorrectly: (1) found that the ALJ's discussion of Wait's combined impairments was sufficient under *Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989); (2) found that the ALJ's failure to more thoroughly consider Wait's alleged sleep apnea was harmless error; and (3) analyzed the conflict between the vocational expert's ("VE") testimony and the Dictionary of Occupational Titles ("DOT").

**1.  Combination of Impairments**

With regard to the ALJ's consideration of her impairments in combination, Wait contends that, under *Walker*, "the [ALJ's] consideration of the combined effect of all of Plaintiff's impairments can[not] be inferred by a review of the entire decision in totality or the individual, fragmentized consideration of each impairment." (Objs., ECF No. 19 at 1-2.) However, the law in this district is clear that when determining whether an ALJ properly considered the combined effect of impairments, the court must read the ALJ's decision as a

whole. *See Brown v. Astrue*, C/A No. 0:10-cv-1584-RBH, 2012 WL 3716792, *6 (D.S.C. Aug. 28, 2012) ("Accordingly, the adequacy requirement of *Walker* is met if it is clear from the decision as a whole that the Commissioner considered the combined effect of a claimant's impairments.") (citing *Green v. Chater*, 64 F.3d 657 (4th Cir. 1995)). In addition, "an ALJ need not explicitly state that he or she has considered a claimant's impairments in combination. What matters is whether it is discernible from the ALJ's decision that he or she did so." *Jones v. Astrue*, C/A No. 7:10-cv-0313, 2011 WL 1877677, *12 (W.D. Va. May 17, 2011).

Here, the court agrees with the magistrate judge and finds the ALJ's overall discussion and analysis to be sufficient to demonstrate that he considered Wait's impairments in combination. *See Thonsberry v. Astrue*, C/A No. 4:08-4075-HMH-TER, 2010 WL 146483, *5 (D.S.C. Jan. 12, 2010) (unpublished) (holding that "while the ALJ could have been more explicit in stating that his discussion dealt with the combination of [claimant's] impairments, his overall findings adequately evaluate the combined effect of [claimant's] impairments"); *Brown v. Astrue*, C/A No. 1:11-3245-JMC-SVH, 2013 WL 642189, *9 (D.S.C. Jan. 31, 2013) (recognizing that "[r]ecently, courts in this District have been refining their interpretation of *Walker*").

### 2. Sleep Apnea

Wait also objects to the Report's finding that the ALJ committed harmless error by not more thoroughly considering Wait's alleged sleep apnea. Specifically, Wait asserts that, under SSR 02-1p, the ALJ and Commissioner were required to consider the sleep apnea in combination with Wait's obesity.

Just as it is the claimant's burden to prove that she suffers from a medically-severe

impairment, *Bowen v. Yuckert*, 482 U.S. 137, 145 n.5 (1987), it is her burden to show that the ALJ's error was not harmless, *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).  A harmless error is one where the ALJ would have reached the same result, notwithstanding the error. *Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994).

Wait contends that the ALJ's error was not harmless because "[w]hen the effects of [her] sleep apnea are considered in combination with her obesity, it is reasonable to conclude that the limitations caused by Plaintiff's lack [of] energy, inability to sustain proper pace and adequate concentration would be increased."  (Objs., ECF No. 19 at 2.)  Wait goes on to quote SSR 02-1p.

The court is not persuaded by Wait's argument.  First, the ALJ specifically noted that he considered SSR 02-1 in evaluating Wait's obesity, but found that the criteria for that ruling were not met.  (Tr. at 15.)  Second, even though the record contains minimal evidence of sleep apnea, and no sleep study or physician opinion regarding resulting functional limitations, the ALJ expressly considered Wait's sleep apnea. (Tr. at 16.)  And, the ALJ "reduced [Wait's] residual functional capacity to light to take her obesity into consideration," noting that "a limitation to simple, repetitive, routine tasks is warranted due to her mental symptoms and obesity, all of which affect her ability to concentrate."  (Tr. at 18.)  Thus, the ALJ clearly considered Wait's overall ability to concentrate in assessing her residual functional capacity.  The court cannot see how Wait suffered any prejudice from the ALJ's analysis, and, thus, agrees with the Report that any error regarding sleep apnea was harmless.

### 3. Vocational Expert Testimony

In addition, Wait objects to the Report's finding that any error on the part of the ALJ in not resolving a possible conflict between the VE's testimony and the DOT was harmless.  In his

decision, the ALJ noted that the VE testified that a sit/stand option is not found in the DOT concerning any occupation, but that, based on her professional knowledge, such an option was available for the occupations she identified. However, a review of the hearing transcript reveals that this exchange never explicitly took place. Wait asserts that this is a legal error that "alone should support a decision reversing the denial of benefits." (Objs. ECF No. 19 at 3.)

An ALJ may use the DOT and VE testimony to determine whether there are jobs that the claimant can perform. However, the VE's testimony should be consistent with the DOT and, if it is not, the VE must provide a reasonable explanation for the conflict. *See* Social Security Ruling 00-4p. In addition, the ALJ has a duty to ask the VE if her testimony is consistent with the DOT. *Id.*

In this case, the ALJ complied with his duty. He asked the VE at the beginning of her testimony to explain any inconsistencies between her testimony and the DOT and the VE indicated that she would. (Tr. at 46.) In addition, the ALJ noted, on the record, that the VE's professional qualifications were entered as an exhibit. (Tr. at 45.) The ALJ then posed a hypothetical that accounted for all of Wait's symptoms and including a sit/stand option. (Tr. at 46-47.) Even with this limitation, the VE responded that Wait could perform multiple jobs. After providing an adequate hypothetical and asking the VE to explain any inconsistencies, the ALJ is entitled to rely on the VE's testimony. *See Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989); *Pratt v. Sullivan*, 956 F.2d 830, 836 (8th Cir. 1992) (stating that testimony elicited by hypotheticals adequately relating all of claimant's impairments may constitute substantial evidence to support the ALJ's decision). Thus, while the court agrees that the hearing transcript does not reflect the ALJ's statements in his decision regarding the VE's testimony about the

alleged conflict, the ALJ still complied with the requirements of SSR 00-4p, and any error in this regard was harmless.[2]

The court also agrees with the Report's assessment of the alleged conflict and finding that there is no conflict between VE testimony and the DOT where the DOT is silent as to the sit/stand option.[3]

### IV.  Conclusion

After carefully reviewing the record, the court finds that the ALJ, in reviewing the medical history and subjective testimony, conducted a thorough and detailed review of Wait's impairments and functional capacity. Likewise, the magistrate judge considered each of Wait's arguments and properly addressed each in turn, finding them without merit. Having conducted the required de novo review of the issues to which Wait has objected, the court finds no basis for disturbing the Report.  Accordingly, the court adopts the Report and its recommended disposition.  Therefore, for the reasons set out above and in the Report, the Commissioner's final decision is **AFFIRMED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

Anderson, South Carolina
June 27, 2014

---

[2] In addition, the court notes that Wait's argument on this topic has no basis in law or fact. A vocational expert is an expert witness. While the court is mindful that the rules of evidence are not applicable in social security administrative proceedings, it is still axiomatic that an expert witness testifies based on her professional knowledge and experience. Thus, an expert witness need not preface every assertion with a declaration of her expertise to make her testimony reliable. Further, the transcript reflects that at the commencement of the hearing, Wait's counsel specifically stated that he had reviewed the entire record, which would have included the VE's professional qualifications, and had no objection. (Tr. at 23, 45.)

[3] Wait objects to this point, but offers only conclusory statements of disagreement. Thus, the court is not persuaded to deviate from the Report's well-supported conclusion.